IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAZ ENCRYPTION TECHNOLOGIES LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 13-304-LPS |
| BLACKBERRY CORPORATION, | : |
| Defendant. | : |

## MEMORANDUM ORDER

1. In this patent infringement action, Plaintiff, MAZ Encryption Technologies LLC ("MAZ" or "Plaintiff"), alleges that Defendant, Blackberry Corporation ("Blackberry" or "Defendant"), infringes MAZ's U.S. Patent No. 6,185,681 (the "'681 patent"). (D.I. 1) The '681 patent is entitled, "Method of Transparent Encryption and Decryption for an Electronic Document Management System." (D.I. 1-1) Plaintiff filed this lawsuit on February 22, 2013. (D.I. 1)

2. On April 22, 2016, Plaintiff and Defendant filed cross-motions for summary judgment relating to the issue of infringement. (D.I. 159, 161) The Court heard argument on these and other motions on August 17, 2016. (*See* D.I. 219 ("Tr."))

3. Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

In assessing a motion for summary judgment, the Court must draw all reasonable inferences in favor of the non-moving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

4. According to Plaintiff, undisputed facts show that Defendant's accused products satisfy each limitation of the asserted claims (claims 31, 33, 35, and 37) of the '681 patent. (D.I. 160) In support of its position, Plaintiff relies principally on the expert report of Dr. Craig E. Wills, as well as documents – including marketing information and user guides – describing the operation of the Defendant's accused products. (*See* D.I. 160 at 8-20)

5. In response to Plaintiff's motion, and in support of its own motion, Defendant argues that the accused products fail to satisfy at least three limitations of the asserted claims of the patent-in-suit. Specifically, Blackberry contends that: (1) the accused products do not meet the requirement that "the crypto module and the [Electronic Document Management System ("EDMS")] are separate and distinct components" (D.I. 176 at 2); (2) the accused products lack an EDMS (*id.* at 4), and (3) the accused products "lack the claimed first table and second table" (*id.* at 10). For its position, Defendant relies on statements from Plaintiff's expert as well as on the Blackberry manuals and user guides. (*See generally* D.I. 176)

6. Defendant's first basis for non-infringement is wrong as it impermissibly conflicts with the Court's claim construction. The asserted claims do not require that the crypto module and the EDMS be separate and distinct. As the Court observed in its claim construction opinion, "Defendant[] ha[s] failed to point to a persuasive basis for requiring that a module be entirely discrete and identifiable, apart from all other portions of a software program." (D.I. 93 at 6) In its briefing and at the recent hearing, Defendant failed to provide any reason why the Court

should reconsider this earlier holding. Accordingly, Defendant is not entitled to summary judgment of non-infringement (and will not be permitted to defend against Plaintiff's claim of infringement) based on the absence of a crypto module that is "separate and distinct" from the EDMS.

7. While Defendant may maintain the other two defenses to infringement on which it bases its motion, the record at present is not in a state in which the Court can grant summary judgment of non-infringement. To the contrary, the record reveals genuine disputes of material fact as to whether Blackberry's accused products contain an EDMS and whether they contain a first table and second table. A reasonable jury, drawing all inferences in the light most favorable to MAZ, could (but need not) find, for example, that the accused products utilize a combination of databases, indexes, and search engines to store and retrieve electronic documents distributed across an organization, satisfying the EDMS limitation. In particular, the NFS and Blackberry Link may meet the EDMS limitation. Likewise, a reasonable jury could (but, again, need not) find that the accused products use tables when encrypting documents, that these tables comport with the two-table structure required by the patent's claims, and that the accused products interact with additional software (e.g., BlackBerry Link) when accessing files in a network.

8. But the Court also cannot grant summary judgment of infringement. Again, the record reveals genuine disputes of material fact with respect to whether all of the limitations of the asserted claims are satisfied by the accused products. Taking the evidence in the light most favorable to Blackberry, a reasonable jury could find, for example, that the accused products do not inherently contain a first table and a second table. Alternatively, a reasonable jury could, but need not, find that such tables are inherent in the accused products. In this regard, it is

noteworthy that for purposes of its invalidity defense, Defendant contends that a table can be disclosed inherently; it would seem to follow, then, that even the lack of an explicit table in Defendant's accused products would not necessarily lead to a conclusion of non-infringement, since the table could be present inherently.[1] *See generally Peters v. Active Mfg. Co.*, 129 U.S. 530 (1889) ("That which infringes, if later, would anticipate, if earlier.").

9. Genuine disputes of material fact also preclude granting summary judgment of indirect infringement. A reasonable jury, taking the evidence in the light most favorable to MAZ, could find that Blackberry induced infringement. (*See* D.I. 182 at 15-18)

Accordingly, IT IS HEREBY ORDERED that:

A. Plaintiff's motion for summary judgment of infringement (D.I. 159) is DENIED.

B. Defendant's motion for summary judgment of non-infringement (D.I. 161) is DENIED.

August 25, 2016
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT

---

[1] The Court's view that the record reveals a genuine dispute of material fact as to whether the accused products inherently include a first table and a second table is consistent with the Court's decision at the hearing to deny Plaintiff's motion for summary judgment of no invalidity due to anticipation. (*See* Tr. at 133-34 ("Whether the first and second tables are inherent in the [prior art] Blaze references and in the '507 patent presents a genuine dispute of material fact. . . . A reasonable fact-finder . . . could conclude that the same reasoning which supports finding the first and second tables in the accused Blackberry products for infringement purposes similarly leads to a conclusion that these tables are inherent in at least the Blaze references as well."))

4