**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MAZ ENCRYPTION TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BLACKBERRY CORPORATION,<br><br>    Defendant. | Civil Action No. 13-304-LPS |

**JOINT STATUS REPORT**

Pursuant to the Court's August 25, 2016 Memorandum Order (D.I. No. 221), the Parties submit the following Joint Status Report regarding whether Mr. Perry should be permitted to submit an amended report and whether the Court should modify the scheduling order. The parties' positions are as follows:

**Plaintiff's Position**

Plaintiff submits that there is sufficient time to permit Mr. Perry to amend the scheduling order at minimal expense to the parties. Trial is currently set for January 17, 2017. The next deadline on the Court's schedule, the deadline for Plaintiff to submit a proposed pretrial order, is not until December 7, 2016. Pursuant to the proposed schedule outlined below, there is sufficient time to complete the proposed amendment and any necessary related discovery or motion practice well in advance of trial and even before the next currently scheduled deadline. Furthermore, Plaintiff submits that the additional cost related to the amendment will be minimal. The amendments to the report will solely concern the portion of Mr. Perry's report that the Court found to be unreliable—the likelihood of liability used in Mr. Perry's analysis of *Georgia-*

1

*Pacific* Factor No. 1—and the resulting change in his conclusion, if any. As such, any responsive expert report and any necessary expert discovery will be limited so that the associated cost will also be limited. Furthermore, as a result there will be no prejudice to Defendant resulting from the amended report. Accordingly, Plaintiff proposes the following schedule related to the amended report:

| Event | Deadline |
| --- | --- |
| Deadline for Plaintiff to Submit Amended Expert Report Regarding Damages | September 12, 2016 |
| Deadline for Defendant to Submit Rebuttal to Plaintiff's Amended Report | September 26, 2016 |
| Deadline to Complete Deposition Discovery Related to Amended Report/Rebuttal | October 12, 2016 |
| Deadline for Parties to Submit *Daubert* Motions Related to Amended Report/Rebuttal | October 26, 2016 |
| Deadline for Parties to Submit Responses to *Daubert* Motions | November 9, 2016 |
| Deadline for Parties to Submit Replies to *Daubert* Motions | November 16, 2016 |

Furthermore, while Plaintiff believes the schedule proposed above is preferable, it does not oppose the schedule proposed by Defendant below.

**Defendant's Position**

MAZ should not be allowed to disrupt the trial schedule with a supplemental report. MAZ now proposes a schedule that incorporates a responsive supplemental report from BlackBerry's expert witness, additional expert depositions, and the possibility of expedited additional *Daubert* briefings, should MAZ's new analysis continue to employ flawed analysis. In this proposal, BlackBerry would be burdened with only two weeks to respond to Mr. Perry's supplemented report, and only two weeks for additional *Daubert* briefs to be filed after the close of supplemental expert discovery. But BlackBerry maintains that the exclusion of Mr. Perry's litigation success rate multiplier affects the entirety of Mr. Perry's report, and MAZ has not

2

provided BlackBerry or the Court with any information regarding the extent of its intended supplementation. This compressed schedule does not provide sufficient time for BlackBerry to conduct additional expert discovery and submit additional *Daubert* briefing in light of the expected extensive supplementation, and places a heavy burden on BlackBerry. If Mr. Perry is allowed to supplement, MAZ's proposed schedule places an additional burden on BlackBerry because BlackBerry's expert damages witness has limited availability during the proposed compressed discovery period.

If the Court is nevertheless inclined to allow MAZ's expert to supplement his unreliable opinion, BlackBerry would propose a schedule at least as accommodative as the schedule outlined below:

| Event | Deadline |
|---|---|
| Deadline for Plaintiff to Submit Amended Expert Report Regarding Damages | September 12, 2016 |
| Deadline for Defendant to Submit Rebuttal to Plaintiff's Amended Report | October 10, 2016 |
| Deadline to Complete Deposition Discovery Related to Amended Report/Rebuttal | October 24, 2016 |
| Deadline for Parties to Submit *Daubert* Motions Related to Amended Report/Rebuttal | November 14, 2016 |
| Deadline for Parties to Submit Responses to *Daubert* Motions | November 28, 2016 |
| Deadline for Parties to Submit Replies to *Daubert* Motions | December 5, 2016 |

However, with only four months before trial, this proposed schedule is disruptive of the pre-trial schedule set by this Court, and burdensome on BlackBerry. *See, e.g. Boles v. U.S.,* No. 1:13CV489, 2015 WL 1508857, at *8 (M.D.N.C. Apr. 1, 2015) (finding potential prejudice to Defendant if Plaintiff is allowed to supplement its expert reports, due to "associated increased costs (including as associated with potentially-compressed time schedules)"); *In re TMI Litig.*

*Cases Consol. II*, 922 F. Supp. 997, 1004 (M.D. Pa. 1996) ("Defendants would be prejudiced by the admission of certain of the untimely reports insofar as the rigorous pre-trial schedule precludes them from having sufficient time to prepare to cross-examine on the late-filed reports") (rev'd on other grounds). Pre-trial Order exchanges are currently scheduled to take place in December of this year, and thus would take place without the Court's ruling on any potential *Daubert* motions. There is simply no time remaining in the schedule for a supplemental expert report.

BlackBerry should also not be punished for MAZ's failure to timely provide a reliable damages opinion in accordance with this Court's schedule. It has always been MAZ's burden to develop a damages case based on reliable evidence, but MAZ instead relied upon an expert report with a seriously flawed damages analysis, and maintained this flawed analysis in its reply expert report, despite the identification of these flaws by BlackBerry's expert damages witness. MAZ failed to seek any appropriate discovery over the three years this case has been pending, despite the fact that discovery was extended three times. It should not now be able to rehabilitate its case through a supplemented report, over ten months after the close of fact discovery and five months after the close of expert discovery.

Dated: August 31, 2016

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (#922)
Stephen B. Brauerman (#4952)
Sara E. Bussiere (#5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

**VENABLE LLP**

/s/ Jamie L. Edmonson
Jamie L. Edmonson (Bar No. 4247)
Darek S. Bushnaq (Bar No. 5596)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 298-3535
JLEdmonson@venable.com
dsbushnaq@venable.com

4

Of Counsel:

Hao Ni
Timothy T. Wang
Neal G. Massand
N<span>I</span>, W<span>ANG</span> & M<span>ASSAND</span>, PLLC
8140 Walnut Hill, Ste. 500
Dallas, TX 75231
972-331-4600
hni@nilawfirm.com
twang@nilawfirm.com
nmassand@nilawfirm.com

*Attorneys for Plaintiff MAZ Encryption Technologies LLC*

William D. Coston (*pro hac vice*)
Jerri A. Kaminski (*pro hac vice*)
Justin E. Pierce (*pro hac vice*)
Calvin R. Nelson (*pro hac vice*)
VENABLE, LLP
575 7th Street, NW
Washington, DC 20004-1601
Telephone: (202) 344-4813
wdcoston@venable.com
jakaminski@venable.com
jepierce@venable.com
crnelson@venable.com

*Attorneys for Defendant BlackBerry Corporation*